| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 4, 2017[*]
Decided May 5, 2017

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-4208

| | |
| --- | --- |
| RANDAL A. KNOPP and MARY P. KNOPP, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants*, | |
| | |
| *v.* | No. 16 C 6669 |
| | |
| J.P. MORGAN CHASE BANK & CO., et al., | Milton I. Shadur, |
| *Defendants-Appellees.* | *Judge*. |

## O R D E R

Randal and Mary Knopp, who have a home mortgage through J.P. Morgan Chase Bank & Co., appeal the dismissal of their lawsuit, which principally alleges that Chase obtained the mortgage through fraud. Because the complaint does not plead

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

fraud with particularity, and the Knopps refused to correct this violation of FED. R. CIV. P. 9(b) after the district court notified them of it and gave them a chance to correct it, we affirm the judgment.

This suit was short-lived. In a sprawling complaint, the Knopps allege that Chase "swindle[ed] Plaintiffs into signing an 'investment security' instead of a 'secured security instrument.'" Here is the closest that the Knopps come to explaining the fraud: "Chase committed fraud by enticing Plaintiffs to become 'Note Sellers' of an 'Investment Security' to investors, instead of 'borrowers' named on a mortgage and Note." The Knopps do not define these terms or identify when these events occurred, who the "investors" were, or what was said and to whom. Chase moved to dismiss the complaint under FED. R. CIV. P. 8, 9(b), 10, and 12(b)(6). In an oral ruling, the district court dismissed the complaint without prejudice. It faulted the complaint for stating only "generalities" and presenting "an impenetrable and unintelligible set of claims." It explained that, because fraud is "easy to say" but "difficult to prove," Rule 9(b) "requires particularization," which the complaint lacked. The court also ruled that, because the Knopps were current on their loan payments and no foreclosure was threatened, the suit did not present a live controversy and therefore the court lacked subject-matter jurisdiction.

The Knopps did not amend their complaint. Instead they moved for the court to reconsider its analysis and decision. The court denied the request and, having received no revised complaint addressing the previously identified deficiencies, dismissed the lawsuit with prejudice.

On appeal the Knopps first argue that their suit is not moot because they have been "coerced to continue to pay on an unenforceable/non-negotiable, non-exist [sic] indebtedness." We agree with the Knopps that their suit is not moot. The parties disagree over whether the Knopps must repay their mortgage. That dispute suffices for a live controversy. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726–27 (2013).

We nevertheless affirm the judgment on the alternative ground that the district court identified—the Knopps' failure to particularize their fraud. Rule 9(b) requires that a plaintiff "describe the who, what, when, where, and how of the fraud—the first paragraph of any newspaper story." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (internal quotation marks and citation omitted). The Knopps' complaint does not meet this requirement. Specifically it does

not explain how or when the fraud occurred or identify who said what to whom. The district court properly gave the Knopps a chance to replead their fraud claims with particularity and after the Knopps did not cure this defect in their complaint, acted within its discretion by dismissing the suit with prejudice. *See id.* at 781.

The Knopps have a second argument, but it does not save their appeal. They observe that their complaint also alleges that Chase violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)(2), by inadequately responding to their inquiries about the origination and validity of their loan documents. But the Knopps do not state a claim upon which relief can be granted under RESPA because inquiries about loan documents' origination and validity "are not qualified written requests that give rise to a duty to respond under § 2605(e)." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667 & n.5 (9th Cir. 2012) (collecting cases); *see also* FED. R. CIV. P. 12(b)(6). RESPA requires responses only to written inquiries that seek information regarding the *servicing* of a loan, s*ee* 12 U.S.C. § 2605(e)(1), (i)(3), *Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 856–57 (7th Cir. 2017), and the Knopps did not allege any such inquiries.

We have considered the Knopps' other arguments, and none has merit.

AFFIRMED.